UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WELLS FARGO HEALTHCARE INDUSTRIES GROUP,<br><br>    Plaintiff,<br>v.<br><br>SAMUEL P. ZINK, JR. and ZINK DENTAL, LLC,<br><br>    Defendants. | Case No. 1:24-cv-00308-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Plaintiff Well Fargo Healthcare Industries Group's ("Wells Fargo") Motion for Default Judgment.[1] Dkt. 13. For the reasons set forth below, the Motion is GRANTED.

# II. BACKGROUND

## A. Factual Background[2]

This matter involves a dental practice for which Wells Fargo provided financing. On October 23, 2018, Wells Fargo entered into a Master Loan and Security Agreement ("Loan Agreement") with Zink Dental, LLC ("Zink Dental"), the repayment of which Dr. Samuel P. Zink, Jr. ("Dr. Zink") personally guaranteed pursuant to a Secured Guaranty

---

[1] The Court finds oral argument is unnecessary both because Wells Fargo has adequately presented the facts and legal argument supporting its Motion for Default Judgment, and because Defendants have failed to formally appear or participate in this matter. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

[2] Unless otherwise referenced, the following facts are from Wells Fargo's Complaint. Dkt. 1. When examining the merits of a default judgment, the Court takes the well-pled allegations in the Complaint as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citation omitted).

("Guaranty"). Zink Dental and Dr. Zink (collectively, "Defendants") also agreed that if Wells Fargo had to commence litigation to enforce the terms of the Loan Agreement and Guaranty, Wells Fargo would be entitled to the costs and attorneys' fees incurred in doing so.[3]

Wells Fargo subsequently disbursed loan proceeds to Zink Dental in the amounts of $37,412.58 on November 1, 2018 (the "First Commitment"), $180,957.38 between October 26, 2018, and April 1, 2019 (the "Second Commitment"), and $17,898.83 on June 1, 2019 (the "Third Commitment"). Although Zink Dental initially made loan payments, Wells Fargo has not received a loan payment since February 27, 2024.

As of May 8, 2024, the amount due and owing on the Loan Agreement was $182,295.10. When Wells Fargo made a demand on Defendants for payment of the due and owing balance of $182,295.10, neither Defendant responded.

As of June 28, 2024—the date Wells Fargo filed the Complaint in this action—the amount due and owing on the Loan Agreement had increased to $184,360.13 given the accrual of additional interest and late fees.

As of March 3, 2025, the amount due and owing on the Loan Agreement had increased to $192,848.48. The latter amount is comprised of $26,398.90 due and owing on the First Commitment, $151,934.41 due and owing on the Second Commitment, and $14,515.17 due and owing on the Third Commitment. Dkt. 13-1, ¶ 9.

While the amount due and owing at this time exceeds the amount sought in the

---

[3] Despite this agreement, Wells Fargo does not currently seek an award of costs or attorneys' fees. Dkt. 13, at 2.

Complaint, Wells Fargo seeks a default judgment of $184,360.13, the precise amount sought in its Complaint.

### B. Procedural Background

As noted, Wells Fargo filed the instant Complaint on June 28, 2024, alleging claims for breach of contract, money lent, account stated, and unjust enrichment. Dkt. 1. On August 26, 2024, Wells Fargo submitted a status report to notify the Court that despite its numerous attempts to personally serve Defendants, service was ultimately unsuccessful. Dkt. 5. On September 19, 2024, Wells Fargo filed an ex parte Motion for Order Allowing Service by Publication. Dkt. 6. The Court granted the Motion and entered an order directing Wells Fargo to serve Defendants via publication, at least once a week for four consecutive weeks, in the Idaho Statesman. Dkt. 7.

On January 27, 2025, Wells Fargo filed a Notice of Completed Service by Publication. Dkt. 9. Wells Fargo's Notice included an affidavit from the Principal Clerk of the Idaho Statesman, attesting that Wells Fargo published the requisite notice of service in the Idaho Statesman on January 3, 2025, January 10, 2025, January 17, 2025, and January 24, 2025. Dkt. 9-1.

On March 11, 2025, Wells Fargo filed a Motion for Clerk's Entry of Default. Dkt. 8. A Clerk's Entry of Default was entered on March 12, 2025. Dkt. 12. Wells Fargo filed the instant Motion for Default Judgment on March 14, 2025. Dkt. 13. Defendants did not respond to Wells Fargo's Motion for Default Judgment and the deadline for doing so has expired. Moreover, since the Clerk's Entry of Default, Defendants have not appeared, moved to set aside the Clerk's Entry of Default, or otherwise participated in this case.

### III. LEGAL STANDARD

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. The plaintiff must establish the relief to which it is entitled.[4] *Fair Housing of Marin*, 285 F.3d at 906.

Whether to enter a default judgment is a matter within the court's discretion. *Aldape v. Aldape*, 616 F.2d 1089, 1092 (9th Cir. 1980). In the exercise of such discretion, the court may consider a variety of factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

### IV. ANALYSIS

#### A. Procedural Requirements

As a threshold matter, the Court finds Wells Fargo has met the procedural requirements of Federal Rules of Civil Procedure 54 and 55. Specifically, as of January 24, 2025, Defendants were served with Wells Fargo's Complaint and Summons via publication

---

[4] Pursuant to Federal Rule of Civil Procedure 55(b)(1), the court clerk must—on the plaintiff's request and with an affidavit showing the sum certain due—enter judgment for that amount against a defendant who has been defaulted. The Court elects to enter judgment itself.

MEMORANDUM DECISION AND ORDER - 4

in the Idaho Statesman. Dkt. 9. When Defendants failed to ever respond, and pursuant to Federal Rule of Civil Procedure 55(a), a Clerk's Entry of Default was entered on March 12, 2025. Dkt. 12. Wells Fargo filed its Motion for Default Judgment on March 14, 2025. Dkt. 13. Defendants did not respond to the Motion for Default Judgment or move to set aside the Clerk's Entry of Default. Finally, in compliance with Federal Rule of Civil Procedure 54(c), the amount Wells Fargo requests in its Motion for Default Judgment—$184,360.13—does not differ in kind, or exceed in amount, the relief requested in Wells Fargo's Complaint. *Compare* Dkt. 1 *with* Dkt. 13-1. Accordingly, Wells Fargo has met the procedural requirements for obtaining a default judgment.

### B. Jurisdiction

"To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Pursuant to 28 U.S.C. § 1332, the Court has diversity jurisdiction because Wells Fargo and Defendants are citizens of different states,[5] and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[6] In addition, the Court has personal jurisdiction over Defendants because they are citizens of, and conduct business within, Idaho.[7]

---

[5] Wells Fargo, a national banking association, is a citizen of South Dakota, while Defendants are citizens of Idaho. Dkt. 1, ¶¶ 1–3.

[6] As noted, the amount in controversy is $184,360.13.

[7] Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendants are citizens of Ada County, Idaho, and all acts and occurrences alleged herein occurred in Ada County, Idaho.

MEMORANDUM DECISION AND ORDER - 5

**C. Merits**

The Court finds the factors set forth in *Eitel*, 782 F.2d at 1471–72 (hereinafter "*Eitel* factors*"*) weigh in favor of granting Wells Fargo's Motion for Default Judgment.

*1. Prejudice to Wells Fargo*

First, Wells Fargo would suffer prejudice if the Court does not enter a default judgment because it would not only lose the funds it loaned Defendants, but would also be denied the right to a judicial resolution of its claims. *Id*. Because Defendants have breached their obligation to repay Wells Fargo, and failed to respond to Wells Fargo's Complaint, the only recourse Wells Fargo has is through obtaining a default judgment. Since denying its Motion for Default Judgment would leave Wells Fargo "without recourse for recovery," the first *Eitel* factor weighs in favor of a default judgment. *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Blumethal Distrib., Inc. v. Comoch, Inc.*, 652 F. Supp. 3d 1117, 1127 (C.D. Cal. 2023).

*2. Merits of Claim and Sufficiency of Complaint*

The Court next considers the merits of Wells Fargo's claims and the sufficiency of its Complaint. *Eitel*, 782 F.2d at 1471. "Under the *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010).

Given Defendants' failure to ever respond to Wells Fargo's Complaint, the allegations in Wells Fargo's Complaint are deemed admitted. Fed. R. Civ. Proc. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Geddes v. United Fin. Grp.*, 559 F.2d

557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Having reviewed the Complaint, the Court finds Wells Fargo sufficiently states four claims: Breach of Loan Agreement, Breach of Guaranty, Money Lent, and Account Stated. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining the second and third *Eitel* factors—involving the substantive merits of plaintiff's claim and the sufficiency of the complaint—require that plaintiffs' allegations "state a claim on which the [plaintiff] may recover").

a. Breach of Loan Agreement

Wells Fargo brings its first claim—Breach of Loan Agreement—against Zink Dental. Dkt. 1, at 4. "A loan contract is a contract like any other, and subject to enforcement according to its terms[.]" 69 Am. Jur. Trials 119 (April 2025 Update). "The elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Edged In Stone, Inc. v. Northwest Power Systems, LLC*, 321 P.3d 726, 730 (Idaho 2014) (quoting *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 297 P.3d 232, 241 (Idaho 2013)).

Wells Fargo's Complaint alleges Zink Dental entered into a valid and existing Loan Agreement with Wells Fargo for the purpose of inducing Wells Fargo to extend loan proceeds to Zink Dental. Dkt, 1, ¶ 17; Dkt. 1-1. Although Wells Fargo performed all conditions required of it under the Loan Agreement, Zink Dental breached the terms of the Loan Agreement by both failing to repay the sums due as stated in the Loan Agreement, and by ceasing its business operations. *Id.*, ¶¶ 18–19. When Wells Fargo made a demand on

MEMORANDUM DECISION AND ORDER - 7

Defendants for the amounts due and owing under the Loan Agreement, neither Dr. Zink nor Zink Dental responded. *Id.*, ¶ 15. In addition, Zink Dental not only failed to make payments and ceased operating as a dental practice in violation of the terms of the Loan Agreement, but, along with Dr. Zink, continuously evaded Wells Fargo's attempts at service, failed to ever participate in this action, and has not communicated with Defendants since February 27, 2024. *Id.*, ¶¶ 13–15; Dkt. 6.

Having reviewed Wells Fargo's Complaint and taking its factual allegations as true, the Court finds Wells Fargo has adequately stated its Breach of Loan Agreement claim against Zink Dental. The factual allegations in the Complaint, as well as the exhibits attached thereto, illustrate the existence of the Loan Agreement, the duties and obligations imposed upon Zink Dental under the Loan Agreement, Zink Dental's breach of the Loan Agreement by failing to make loan payments and ceasing operation, and Wells Fargo's resulting loss of $184,360.13.

    b. <u>Breach of Guaranty</u>

Pursuant to a Secured Guaranty, Dr. Zink personally guaranteed Zink Dental's repayment of its Wells Fargo loan. Dkt. 1, ¶ 7. Wells Fargo accordingly brings its Breach of Guaranty claim against Dr. Zink. *Id.* at 5. "The elements of a breach of warranty claim are the same as the elements of a breach of contract claim." *Ascentium Capital LLC v. Indu Motel, LLC*, 2022 WL 317188, at *3 (E.D. Cal. Feb. 2, 2022).

Wells Fargo's Complaint adequately states a claim for Breach of Guaranty because it alleges Dr. Zink signed the Secured Guaranty for the purpose of inducing Wells Fargo to extend loan proceeds to Zink Dental. Dkt. 1, ¶ 23; Dkt. 1-2. Although Wells Fargo performed

all conditions required of it under both the Loan Agreement and the Secured Guaranty, Dr. Zink breached the terms of the Secured Guaranty—without legal justification or excuse—by failing to repay the sums owed by Zink Dental as stated in the Loan Agreement. Dkt. 1, ¶ 25. Despite Wells Fargo's demand for repayment, Dr. Zink has neither repaid Wells Fargo nor responded to Wells Fargo's Complaint. *Id.*, ¶ 26; Dkt. 13. As a result of Dr. Zink's breach, Wells Fargo has incurred $184,360.13 in damages.

### c. Money Lent and Account Stated

Wells Fargo asserts its Money Lent and Account Stated claims against both Defendants. "The elements of a common count for money lent are an allegation of indebtedness, and a failure to repay any portion of the loan." *Nat'l Bank of Cal. v. Truman Press, Inc.*, 2013 12113233, at *6 (C.D. Cal. Oct. 25, 2013). Similarly, to establish the right to recover on a claim of account stated, the creditor must show: (1) a transaction between the parties giving rise to indebtedness of one to the other; (2) an express or implied agreement between the parties that fixes the amount due; and (3) the party to be charged made a promise, express or implied, to pay the indebtedness. 29 Willison on Contracts § 73:56 (May 2024 Update); *Grover v. Wadsworth*, 205 P.3d 1196, 1200 (Idaho 2009).

Pursuant to the Loan Agreement and Secured Guaranty, Wells Fargo alleges Defendants agreed to repay, but are instead indebted to Wells Fargo, in the fixed amount of $184,360.13. Dkt. 1, ¶¶ 29–35. Wells Fargo has submitted documentation to support such allegations (Dkts. 1-1–1-7, 13-1) and has thus adequately stated claims for Money Lent and Account Stated.

d. <u>Unjust Enrichment</u>

To establish a claim for unjust enrichment under Idaho law, a plaintiff must prove: (1) a benefit conferred on the defendant by the plaintiff; (2) the defendant appreciated the benefit; and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit. *Nelson-Ricks Cheese Company, Inc. v. Lakeview Cheese Company, LLC*, 331 F. Supp. 3d 1131, 1145 (D. Idaho 2018).

There can be no recovery for unjust enrichment where, as here, there is an express contract covering the same subject matter. *Thomas v. Thomas*, 249 P.3d 829, 836 (Idaho 2011). This is because remedies for breach of an express contract, whether by law or by express agreement, afford adequate relief. *Triangle Min. Co., Inc. v. Stauffer Chem. Co.*, 753 F.2d 734, 742 (9th Cir.1985). Because the Loan Agreement and Secured Guaranty cover the same subject matter, Wells Fargo cannot state a claim for unjust enrichment against Defendants. However, since Wells Fargo has adequately alleged its other four claims, the inadequacy of Wells Fargo's unjust enrichment claim is not fatal to its Motion for Default Judgment. *Simple Design Ltd. v. Dairy-Queen Vision*, 2023 WL 2629153, at *5 (C.D. Cal. Jan. 10, 2023).

e. <u>Conclusion</u>

In sum, the Court finds that the merits and sufficiency of Wells Fargo's Breach of Loan Agreement, Breach of Guaranty, Money Lent, and Account Stated claims weigh in favor of entering default judgment.

3. *Damages*

Under the fourth *Eitel* factor, the court must consider the amount of money at stake

in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Wells Fargo seeks only the precise amount Defendants owed Wells Fargo on the date Wells Fargo filed its Complaint. Wells Fargo is not only entitled to repayment of $184,360.13, but could have requested substantially more since interest has been accruing for more than one year since Defendants' default. The Court finds this factor weighs in favor of default. *Id*.

    4.   *Dispute Regarding Material Facts*

Wells Fargo filed a well-pleaded Complaint alleging the elements necessary to prevail on four of its five claims. Subsequently, the Clerk of the Court entered default judgment against Defendants. Dkt. 12. Because all allegations in a well-pleaded Complaint, except those relating to damages, are taken as true after a Clerk's Entry of Default, there is no possibility of dispute as to any material fact in this case. *Elektra*, 226 F.R.D. at 393; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. The fifth *Eitel* factor thus favors granting default judgment.

    5.   *Excusable Neglect*

After Wells Fargo's repeated attempts to personally serve them in July and August of 2024, Defendants were served via publication as of January 24, 2025. Dkt. 6; Dkt. 9. In addition, Wells Fargo mailed and faxed Defendants demand letters before this suit was filed. Dkt. 1-5; Dkt. 1-7. Defendants are also obviously aware they did not repay Wells Fargo the amount owed under the Loan Agreement, and that they have not made *any* loan payments for more than a year. Nevertheless, Defendants have not contacted Wells Fargo, attempted to negotiate a repayment agreement, or participated in this suit. In addition, nearly ten months have passed since the Complaint was filed, and more than forty days have passed since the Clerk's Entry of Default. Dkt. 12.

Given Defendants' awareness of their indebtedness, notice of Wells Fargo's claims, as well as the extended period of time that has passed since this case was filed, the Court finds the possibility of excusable neglect is remote. *Elektra*, 226 F.R.D. at 393. Thus, the sixth *Eitel* factor also supports default judgment.

6. *Policy Favoring Decision on the Merits*

Finally, although cases "should be decided upon the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, Defendants' failure to participate in this matter "makes a decision on the merits impractical, if not impossible." *Id*. Federal Rule of Civil Procedure 55(a) permits termination of a case without consideration of the merits where, as here, a defendant fails to plead or otherwise defend. Because Defendants have failed to defend this action in any way, the seventh *Eitel* factor does not preclude the Court from entering default judgment. *PepsiCo, Inc*., 238 F. Supp. 2d at 1177.

## V. CONCLUSION

Wells Fargo has satisfied the procedural and substantive requirements for obtaining a default judgment. In addition, the Court finds the first six *Eitel* factors weigh in favor of default judgment, and the seventh *Eitel* factor weighs against default judgment but is not dispositive. *Blumenthal Distrib., Inc.*, 652 F. Supp. 3d at 1131. Wells Fargo's Motion for Default Judgment (Dkt. 13) is accordingly granted.

## VI. ORDER

It is **HEREBY ORDERED**:

1. Wells Fargo's Motion for Default Judgment (Dkt. 13) is **GRANTED**. The Court will enter judgment on Wells Fargo's claims for Breach of Loan Agreement,

   Breach of Guaranty, Money Lent, and Account Stated.

2. Wells Fargo is awarded judgment in the amount of $184,360.13.

3. The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58(a).

4. This case is **closed**.

DATED: April 28, 2025

_____
David C. Nye
Chief U.S. District Court Judge